Lisa Hill Fenning (SBN: 89238)
Matthew Walsh (SBN: 175004)
Dewey Ballantine LLP
333 South Grand Avenue, 26th Floor
Los Angeles, CA 90071
Tel.: (213) 621-6000 / Fax: (213) 621-6100
lfenning@dbllp.com
mwalsh@dbllp.com

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

NAGAOKA & CO., LTD., a Japanese
Corporation,

Plaintiff(s)

CASE NUMBER:

CV05-7187 DDP (JTLx)

BURSTEIN TECHNOLOGIES, INC., a
Delaware corporation,

Defendant(s)

### CERTIFICATION OF JUDGMENT FOR REGISTRATION IN ANOTHER DISTRICT

I, _____ Sherri R. Carter _____, Clerk of this United States District Court certify that the attached judgment is a true and correct copy of the original judgment entered in this action on November 9, 2005 as it appears in the record of this court, and that no notice of appeal from this judgment
*Date*

has been filed, and no motion of any kind listed in Rule 4(a) of the Federal Rules of Appellate Procedure has been filed.

2/9/06     IN TESTIMONY WHEREOF, I sign my name and affix the seal of this Court on
*Date*

_____ Sherri R. Carter _____
CLERK, U.S. DISTRICT COURT

By: _____
Deputy Clerk

**CERTIFICATE OF JUDGMENT FOR REGISTRATION IN ANOTHER DISTRICT**

CV-101 (08/97)

FILED
CLERK, U.S. DISTRICT COURT

NOV - 9 2005

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Priority ___
Send ___
Enter ___
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAGAOKA & CO., LTD, a Japanese Corporation,<br><br>              Petitioner,<br><br>    vs.<br><br>BURSTEIN TECHNOLOGIES, INC., a Delaware corporation,<br><br>              Respondent. | Case No. CV05-7187 DDP (JTLx)<br><br>Hon. Dean D. Pregerson, Presiding<br><br>**[PROPOSED] JUDGMENT** |

DOCKETED ON CM

NOV - 9 2005

BY BG          010

[PROPOSED] JUDGMENT

1        Nagaoka & Company, Ltd. ("Nagaoka") petitioned this Court to

2  confirm an arbitration award rendered in an arbitration between Nagaoka and

3  respondent Burstein Technologies, Inc. ("BTI").

4        This Court, having granted Nagaoka's petition to confirm, hereby

5  enters the entire arbitration award attached as Exhibit A (the "Award") as a

6  Judgment of this Court, and ORDERS, ADJUDGES AND DECREES that the

7  Award shall have the same force and effect as any other Judgment of this Court,

8  and may be enforced accordingly.

9

10  Dated: November 7 2005

11

12                By: _____

13                      Hon. Dean D. Pregerson
                            U.S.D.C. Judge

14  226742

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SCANNED

1  G. Keith Wisot
   Diane Wayne
2  Richard C. Neal
3  JAMS
   707 Wilshire Blvd., 46th Floor
4  Los Angeles, CA 90017

5  213/620-1133

6  Arbitrators'

7

8

9                        IN ARBITRATION PROCEEDINGS AT JAMS

10

11

12  BURSTEIN TECHNOLOGIES, INC., a        )  JAMS Reference 1220032383
    Delaware Corporation,                 )
13                                         )
14            Claimant,                    )  **FINAL AWARD**
                                           )
    vs.                                    )
15                                         )
16  NAGAOKA & CO., LTD., a Japanese        )
    Corporation,                           )
17                                         )
             Respondent.                   )
18  and related counterclaim.              )
19                                         )
20                                         )
21                                         )
22                                         )
                                           )
23  _____

24  Claimant/counter-respondent is represented by E. Jay Gotfredson, Esq., of Gotfredson &

    Associates, succeeding Sean M. Kneafsey, Esq.  Respondent/counter-claimant is represented by
25
    Lisa Hill Fenning, Esq., and Matthew M. Walsh, Esq., of Dewey Ballantine LLP.  This matter is
26
    private, contractual arbitration, authorized by the parties' Patent Assignment Agreement of
27
    November, 2003, and from which there is no trial *de novo* or appeal.  JAMS Comprehensive
28
    Arbitration Rules and Procedures govern the proceeding.

                                            1

EXHIBIT ___A___  PAGE _3_

2-05-CV-07187-00022-00(

**Procedural History**

In a Notice of Arbitration and Statement of Claim for Declaratory and Injunctive Relief and Specific Performance, dated November 4, 2004, claimant filed its demand for arbitration. A First Amended Statement of Claims was filed in March, 2005.

Respondent filed its Statement of Defense, together with its Statement of Counterclaims, on December 7, 2004. A Stipulation Regarding Withdrawal of Arbitration, dated December 20, 2004, transferred the arbitral forum from the American Arbitration Association to JAMS.

An initial telephonic conference was held on January 19, 2005; the points of discussion and determinations of the arbitrators were confirmed by written Order Confirming Initial Status Conference of January 19, 2005. Similarly, further conferences and motion hearings were held, by appearance or by telephone. Each motion, hearing, ruling and conference is memorialized with a written Order, and each Order is incorporated here, including Orders Confirming, or dated:

| | |
|---|---|
| March 1, 2005 | June 29, 2005 |
| May 3, 2005 | July 11, 2005 |
| May 26, 2005 | August 8, 2005 |
| June 2, 2005 | August 10, 2005 |
| June 8 and 13, 2005 | |

After substantial procedural litigation, Nagaoka filed its Motion for an Order Entering Judgment in Favor of Nagaoka. That motion was initially denied, with certain conditions imposed upon claimant BTI, as set forth in the Order Confirming Motion Hearing of July 11, and Rulings Thereon, and reserving jurisdiction to reconsider Nagaoka's motion.

On July 28, 2005, Nagaoka submitted its request for reconsideration, again seeking entry of judgment in favor of Nagaoka on the four claims asserted by claimant BTI in its First Amended

2

2-05-CV-07187-00022-000

Statement of Claims.  The motion for judgment was GRANTED, as set forth in the Order
Confirming *Ex Parte* Motion for Reconsideration, and Ruling, dated August 8, 2005 (and
corrected in the Order Confirming Conference of August 10, 2005).  Further, the parties
stipulated that Judge Wisot was authorized to handle remaining proceedings without
participation by the other members of the arbitral panel.

In the August 8 Order Confirming Reconsideration, and Ruling, the panel made findings as
follows:

    "1. . . .

    2.  BTI has consistently failed to comply with discovery obligations. . . . [T]he panel
now finds that BTI non-compliance with discovery obligations, in both its failure to
produce further responsive documents, and Richard Burstein's failure to be immediately
available for deposition, is willful and obstructive.  <u>Mileikowsky v. Tenet Healthsystems</u>
(2005) 128 CA 4th 262.

    3.  Pursuant to JAMS Comprehensive Rules for Arbitration, Rules 18(a) and 22(b), . .
Nagaoka is entitled to judgment on each of the causes of action/claims in BTI's [First
Amended Statement of Claims]. . . .

    4. . . . . Pursuant to JAMS Rule 31(b), as a further, separate and independent basis for
sanctions for the failure to timely post fees, the panel now precludes BTI from
proceeding with any affirmative evidence on its claims."

On August 12, 2005, Nagaoka filed its Notice of Withdrawal and Dismissal Without Prejudice of
All of Nagaoka & CO., LTD.'s Remaining Counterclaims.

The panel has further received and reviewed Nagaoka's Motion for an Order Awarding Attorney
Fees and Costs, filed August 11, 2005; and BTI's Opposition to Respondent's Motion for An
Order Awarding Attorney Fees and Costs, dated August 22, 2005.  On the basis of the foregoing,
the panel now issues this Final Award.

3

1

2 **Letter Request of potential new counsel for BTI**

3 By letters dated August 19, 2005, potential new counsel for BTI requests a delay in proceedings

4 in order to review documents and determine whether it will substitute as counsel for BTI.  By

5 letter dated August 22, 2005, Nagaoka objects to any further delay.  The request to delay

6 proceedings is DENIED.

7

8 **FINAL AWARD**

9 Judgment is granted **in favor of respondent Nagaoka and against claimant BTI** on each of the

10 four causes of action set forth in BTI's First Amended Statement of Claims.  Claimant BTI shall

11 recover nothing from Nagaoka.

12

13 Nagaoka's counterclaims are dismissed without prejudice.

14

15 ///

16 ///

17 ///

18 ///

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28

4

EXHIBIT ___A___  PAGE ___6___

2-05-CV-07187-00022-00

1

2

3   Pursuant to the Patent Assignment Agreement between the parties, paragraphs 8 and 13, the

4   prevailing party is entitled to recover attorney fees and costs, including the expenses of

5   arbitration.  Nagaoka is the prevailing party.  Hsu v. Abarra (1995) 9 C 4th 863.  Accordingly,

6   **Nagaoka shall recover against BTI, Inc., the amount of $691,870.24 in fees and an**

7   **additional $109,529.17 in costs and expenses for a total recovery of $801,399.41.**  The

8   objections of BTI and request for further hearing or proof are overruled; the panel finds that

9   Nagaoka's Exhibits B, C and D, appended to the Motion for an Order Awarding Attorney Fees

10  and Costs, are sufficient foundation for this order.

11

12  IT IS SO ORDERED.

13

14  September 6, 2005.

15

16                                          _____

                                            G.  KEITH WISOT, Arbitrator

17

18                                          _____

                                            DIANE WAYNE, Arbitrator

19

20

21                                          _____

                                            RICHARD C. NEAL, Arbitrator

22

23

24

25

26

27

28

5

EXHIBIT ___A___ PAGE ___7___

2-05-CV-07187-00022-00(

## PROOF OF SERVICE
## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 707 Wilshire Blvd., 46th Floor, Los Angeles, California, 90017.

On September 13, 2005, I served the attached **FINAL AWARD** on the interested parties in the within action entitled **Ref# 1220032585 - Burstein Technologies Inc. vs. Nagaoka & Co., Ltd.** by placing the true copy(ies) thereof enclosed in a sealed envelope addressed as follows:

Lisa Hill Fenning
Dewey Ballantine, LLP
333 S. Grand Avenue
Suite 2600
Los Angeles, CA 90071 USA
Tel: 213-621-6000
Fax: 213-621-6100

E. Jay Gottfredson Esq,
Gottfredson & Associates
11755 Wilshire Blvd.
15th Floor
Los Angeles, CA 90025-0944
Tel: 310-478-0808
Fax: 310-478-3838

Daniel Weintraub Esq.
Weinstein & Setth
12424 Wilshire Blvd.
Suite 1120
Los Angeles, CA 90024 USA
Tel: 310-207-1494
Fax: 310-442-0660

| | | |
|---|---|---|
| [ X ] | BY U.S. MAIL | I deposited such an envelope in the mail at Los Angeles, California, with postage thereon fully prepaid. |
| [ X ] | BY FAX | I caused such documents to be faxed to the above-mentioned address(es). |
| [ ] | BY MESSENGER | I caused such envelope to be messengered to the above mentioned address(es). |
| [ ] | BY PERSONAL | I caused such envelope to be delivered by hand to the offices of the SERVICE address(es). |
| [ X ] | STATE | I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct. |
| [ ] | FEDERAL | I declare that I am employed in the office of a member of the bar of this Court whose direction the service was made. |

Executed on September 13, 2005 at Los Angeles, California.

Melissa Chan

EXHIBIT ___A___ PAGE ___8___

I hereby attest and certify on 2-8-06
that the foregoing document is a full, true
and correct copy of the original on file in
my office, and in my legal custody.

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

DEPUTY CLERK



1167